1

 **GIBBS & FUERST** LLP

600 B STREET, SUITE 2300
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 702-3505
FACSIMILE (619) 702-1547

Michael T. Gibbs, Bar No. 076519
Mgibbs@gibbsandfuerst.com
Steven A. Tisi, Bar No. 169006
Stisi@gibbsandfuerst.com

Attorneys for Defendants CITY OF BRAWLEY, CITY OF EL CENTRO and
CITY OF IMPERIAL

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIE AYALA, individually and as successor in interest to Decedent Mark Anthony Ayala; SANDRA BARRAZA, individually and as successor in interest to Decedent Mark Anthony Ayala; ANTHONY AYALA, a minor by Sandra Barraza, his guardian, individually and as successor in interest to Decedent Mark Anthony Ayala; ANNMAREE AYALA, a minor by Sandra Barraza, his guardian, individually and as successor in interest to Decedent Mark Anthony Ayala; NACALLI AYALA, a minor by Sandra Barraza, his guardian, individually and as successor in interest to Decedent Mark Anthony Ayala, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF IMPERIAL , DBA AS IMPERIAL COUNTY NARCOTICS TASK FORCE, IMPERIAL COUNTY DISTRICT ATTORNEY'S OFFICE and IMPERIAL COUNTY SHERIFF'S OFFICE; THE CITY OF EL CENTO, a municipal corporation; THE CITY OF BRAWLEY; a municipal corporation; THE CITY OF | No. 15 CV 0397 LAB NLS <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [F.R.C.P. §12(b)(6)]** <br><br> **DATE:** June 15, 2015 <br> **TIME:** 11:15 a.m. <br> **DEPT.:** 14A <br><br> **NO ORAL ARGUMENT REQUESTED** <br><br> **Hon. Larry Alan Burns** |

37271

1  IMPERIAL, a municipal corporation; )
   THE CITY OF CALEXICO, a )
2  municipal corporation; THE UNITED )
   STATES DRUG ENFORCEMENT )
3  AGENCY, a department of the )
   United States of America; THE )
4  UNITED STATES BORDER )
   PATROL, a department of the )
5  United States of America; UNITED )
   STATES IMMIGRATION AND )
6  CUSTOMS ENFORCEMENT, a )
   department of the United States of )
7  America; and DOES 1 through 30, )
   inclusive, )
8                                    )
          Defendants. )
9  _____

10

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26

27

28

37271

1

## <u>TABLE OF CONTENTS</u>

I.    STATEMENT OF FACTS ........................................................1

II.   AUTHORITY.......................................................................3

III.  PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
      WHICH RELIEF MAY BE GRANTED WITH RESPECT
      TO THEIR SECOND CAUSE OF ACTION FOR
      SUBSTANTIVE DUE PROCESS VIOLATION.........................5

IV.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
      WHICH RELIEF MAY BE GRANTED WITH RESPECT
      TO THEIR THIRD CAUSE OF ACTION FOR
      MUNICIPAL LIABILITY–RATIFICATION.................................6

V.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
      WHICH RELIEF MAY BE GRANTED WITH RESPECT
      TO THEIR FOURTH CAUSE OF ACTION FOR FAILURE
      TO TRAIN..........................................................................8

VI.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
      WHICH RELIEF MAY BE GRANTED WITH RESPECT
      TO THEIR FIFTH CAUSE OF ACTION FOR MUNICIPAL
      LIABILITY – UNCONSTITUTIONAL CUSTOM OR
      POLICY ...........................................................................10

VII.  PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
      WHICH RELIEF MAY BE GRANTED WITH RESPECT
      TO THEIR SIXTH CAUSE OF ACTION FOR BATTERY ......11

VIII. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
      WHICH RELIEF MAY BE GRANTED WITH RESPECT
      TO THEIR SEVENTH CAUSE OF ACTION FOR
      NEGLIGENCE ...................................................................13

IX.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
      DAMAGES AS SUCCESSORS IN INTEREST.....................15

X.    CONCLUSION...................................................................16

37271

i

1 | **TABLE OF AUTHORITIES**

2

3 | **Federal Cases**

4 | Bell Atlantic Corp. v. Twombly,
5 |   550 U.S. 544, 555-556 (2007) ...................................................4

6 | City of Canton, Ohio v. Harris,
7 |   489 U.S. 378, 388 (1989) ........................................................9

8 | Delia v. City of Rialto,
9 |   621 F.3d 1069, 1081-82 (9th Cir. 2010) .........................................7

10 | Fairley v. Luman,
11 |   281 F.3d 913, 918 (9th Cir. 2002)................................................9

12 | Gillette v. Delmore,
13 |   (9th Cir. 1992) 979 F.2d 1342, 1346.............................................10

14 | Monell v. Department of Social Services,
15 |   436 U.S. 658, 691 (1978) ...............................................5,6,7,9,10

16 | No. 84 Employer-Teamster Joint Council v. America West
17 | Holding Corp.,
     320 F.3d 920, 931 (9th Cir. 2003)................................................4

18

19 | Nunez v. City of Los Angeles,
     147 F.3d 867, 871 (9th Cir. 1998)................................................5

20

21 | Pembaur v. City of Cincinnati,
     475 U.S. 469, 483 (1986) .......................................................10

22

23 | Reddy v. Litton Indus., Inc.,
     912 F.2d 291, 296-97 (9th Cir. 1990) ............................................4

24

25 | Robertson v. Dean Whitter Reynolds, Inc.,
     749 F.2d 530, 533-534 (9th Cir. 1984) ...........................................4

26

27 | Trevino v. Gates,
     99 F.3d 911, 918 (9th Cir. 1996)................................................11

28

37271                                            ii

United States v. Salerno,
   481 U.S. 739, 746 (1987) ...............................................................5

Warren v. Fox Family Worldwide, Inc.,
   328 F.3d 1136, 1139 (9th Cir. 2003)..............................................4

Zimmerman v. City of Oakland,
   255 F.3d 734, 737 (9th Cir. 2001)..................................................4


**State Court Cases**

Brown v. Poway Unified School District
   (1993) 4 Cal.4th 820, 829 .............................................................13

Eastburn v. Regional Fire Protection Authority
   (2003) 31 Cal.4th 1175, 1183 ......................................................14

Edson v. City of Anaheim
   (1998) 63 Cal.App.4th 1269, 1272................................................12

Keyes v. Santa Clara Valley Water District
   (1982) 128 Cal.App.3d 882, 885..................................................14

Lopez v. So. Cal. Rapid Transit District
   (1985) 40 Cal.3d 780, 795 ...........................................................14

Peter W. v. San Francisco Unified School District
   (1976) 60 Cal.App.3d 814, 819.....................................................14

Thompson v. City of Lake Elsinore
   (1993) 18 Cal.App.4th 49, 62.......................................................14

Zelig v. County of Los Angeles
   (2002) 27 Cal.4th 1112, 1128 ......................................................13

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(6)................................1

37271

iii

**Statutes**

Civil Code Section 1714 ................................................................14

Code of Civil Procedure Section 377.34 ..........................................15

Government Code Section 815 .......................................................13

Penal Code Section 835(a) ...........................................................12

42 U.S.C. Section 1983 ................................................2,5,6,9,10,11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS [F.R.C.P. §12(b)(6)]

Defendants CITY OF IMPERIAL, CITY OF BRAWLEY and CITY OF EL CENTRO (hereinafter "City defendants") submit the following memorandum of points and authorities in support of their Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure (hereinafter "F.R.C.P.") Rule 12(b)(6).

## I.

## STATEMENT OF FACTS

Plaintiffs VIRGIE AYALA, individually and as successor in interest to Decedent Mark Anthony Ayala, SANDRA BARRAZA, individually and as successor in interest to Decedent Mark Anthony Ayala, ANTHONY AYALA, a minor by Sandra Barraza, his guardian, individually and as successor in interest to Decedent Mark Anthony Ayala, ANNMAREE AYALA, a minor by Sandra Barraza, his guardian, individually and as successor in interest to Decedent Mark Anthony Ayala and NACALLI AYALA, a minor by Sandra Barraza, his guardian, individually and as successor in interest to Decedent Mark Anthony Ayala (hereinafter "plaintiffs"), filed their complaint for damages on or about February 23, 2015.  Plaintiffs' complaint arises out of an incident that occurred on January 31, 2014, at which time the City defendants allegedly deprived decedent MARK ANTHONY AYALA

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS [F.R.C.P. §12(b)(6)]

(hereinafter "decedent") of his Fourth and Fourteenth Amendment rights by shooting him to death. (Please see Complaint, paragraph 24).

Plaintiffs allege a total of seven causes of action, six of which are alleged against the City defendants as follows:

1.      The Second Cause of Action for Substantive Due Process;

2.      The Third Cause of Action for Municipal Liability – Ratification;

3.      The Fourth Cause of Action for Failure to Train;

4.      The Fifth Cause of Action for Civil Rights Violation (42 U.S.C. §1983);

5.      The Sixth Cause of Action for Battery; and

6.      The Seventh Cause of Action for Negligence.

For the Court's information, defendant COUNTY OF IMPERIAL, also erroneously sued herein as THE COUNTY OF IMPERIAL SHERIFF'S DEPARTMENT, filed an Amended Notice of Related Case with respect to the matter of <u>Lerma-Mayoral v. City of El Centro, et al.</u>, United States District Court, Southern District of California Case No. 15-CV-00818-CAB-BLM. As set forth in the Amended Notice of Related Case, the <u>Lerma-Mayoral v. City of El Centro, et al.</u> matter arises out of the same facts and circumstances as the instant matter.

/ / /

37271                                        2

As discussed below, the City defendants move to dismiss the second through seventh causes of action on the grounds that plaintiffs have failed to state claims upon which relief can be granted against the City defendants.  The City defendants also move to dismiss plaintiffs' claim for survival damages as plaintiffs do not allege economic damages incurred by decedent before his death.

## II.

## <u>AUTHORITY</u>

F.R.C.P. Rule 12(b) provides, in pertinent part, as follows:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
>
> (2) lack of personal jurisdiction;
>
> (3) improper venue;
>
> (4) insufficient process;
>
> (5) insufficient service of process;
>
> (6) failure to state a claim upon which relief can be granted; and
>
> (7) failure to join a party under Rule 19.

///

37271

3

1  In a Motion to Dismiss under F.R.C.P. 12(b), all well-pleaded

2  allegations of material fact in the complaint are taken as true and construed

3

4  in the light most favorable to the nonmoving party. <u>Zimmerman v. City of</u>

5  <u>Oakland</u>, 255 F.3d 734, 737 (9th Cir. 2001). A complaint that offers no set

6

7  of facts in support of the claim that would entitle the plaintiff to relief should

8  be dismissed.  <u>No. 84 Employer-Teamster Joint Council v. America West</u>

9  <u>Holding Corp.</u>, 320 F.3d 920, 931 (9th Cir. 2003).

10

11      Conclusory allegations and unwarranted inferences are insufficient to

12  defeat a Motion to Dismiss. <u>Warren v. Fox Family Worldwide, Inc.</u>, 328

13  F.3d 1136, 1139 (9th Cir. 2003).   A plaintiff's obligation in his or her

14

15  pleadings extends beyond merely repeating the elements of a cause of

16  action, and must provide the factual grounds for his or her entitlement to

17  relief. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-556 (2007).

18

19      A dismissal can be based on either the lack of a cognizable legal

20  theory or the absence of sufficient facts alleged under a cognizable legal

21  theory.  <u>Robertson v. Dean Whitter Reynolds, Inc.</u>, 749 F.2d 530, 533-534

22

23  (9th Cir. 1984).  A Motion to Dismiss should be granted without leave to

24  amend where it is clear that a plaintiff cannot cure the noted deficiencies

25  with respect to the claims alleged.  <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d

26  291, 296-97 (9th Cir. 1990).

27

28

37271                                          4

1

## III.

2

3    **PLAINTIFFS HAVE FAILED TO STATE A CLAIM
4    FOR WHICH RELIEF MAY BE GRANTED WITH RESPECT
     TO THEIR SECOND CAUSE OF ACTION FOR SUBSTANTIVE DUE
5    PROCESS VIOLATION**

6          Substantive due process under the Fourteenth Amendment "forbids

7    the government from depriving a person of life, liberty or property in such a

8
9    way that shocks the conscience or interferes with rights implicit in the

10   concept of ordered liberty." <u>Nunez v. City of Los Angeles</u>, 147 F.3d 867,

11   871 (9th Cir. 1998), quoting <u>United States v. Salerno</u>, 481 U.S. 739, 746

12
13   (1987).  As a threshold matter, then, when making a substantive due

14   process claim, the plaintiff must show a "government deprivation of life,

15   liberty, or property." Id. at 871.

16
17         Here, a review of the second cause of action reveals that there are

18   no allegations of deprivation made specifically against any of the City

19   defendants.  Instead, plaintiffs allege conduct at paragraph of the complaint

20
21   that pertains exclusively to the conduct of the individual defendants.

22         Moreover, as discussed below, the City defendants can not be held

23   liable under Section 1983 unless an official policy or custom is alleged to

24
25   have caused a constitutional violation, which plaintiffs have failed to do.

26   <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690-691 (1978).

27

28   37271                              5

The City defendants' Motion to Dismiss the second cause of action on this ground  is therefore also proper.

## IV.

### PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED WITH RESPECT TO THEIR THIRD CAUSE OF ACTION FOR MUNICIPAL LIABILITY-RATIFICATION

In their third cause of action, plaintiffs attempt to assert "Municipal Liability" against the City defendants based on a theory of ratification by pleading in their complaint, at paragraphs 49 and 50, that:

> 49.   Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the Individual Defendants, ratified (or will ratify) the Individual Defendants' acts and bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the Individual Defendants' acts.

> 50.   Upon information and belief, a final policymaker has determined (or will determine) that the acts of the Individual Defendants were "within policy".

However, the Supreme Court has held in Monell, supra at p. 690-691, that a municipality cannot be liable under 42 U.S.C. Section 1983 on a respondeat superior theory.  Rather, liability only attaches to a governmental entity where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or

/ / /

37271                                                6

those whose edicts or acts may fairly be said to represent official policy."

Monell, supra at p. 694.

To establish an official policy or custom sufficient for liability, a plaintiff must allege and prove the deprivation of a federally protected right by: (1) an employee acting under an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; (3) an employee acting as a "final policymaker"; or (4) an employing as a result of inadequate training due to the municipality's deliberate indifference to individual rights. Delia v. City of Rialto, 621 F.3d 1069, 1081-82 (9th Cir. 2010).

Plaintiffs' allegations in the complaint to this effect are wholly speculative and cannot withstand the pleading standards set forth in Ashcroft v. Iqbal, 556 U.S. 662. As was stated in Iqbal:

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. [D]etailed factual allegations are not required (citation omitted), but the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, (citation omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (citation omitted). . . A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

Iqbal, supra at p. 563-564

/ / /

37271

7

As discussed above, the only allegation in the complaint with respect to the third cause of action is that, on information and belief, a final policymaker ratified or will ratify the conduct of the individual defendants and has determined that such acts are within policy. This type of pleading is precisely the type of "naked assertion" that Iqbal holds cannot survive a motion to dismiss.  Id., at p. 678.

Plaintiffs have failed to allege the existence of any specific policy adopted and promulgated by the City defendants.  Plaintiffs have also failed to specifically allege the existence of a specific permanent and well-settled practice constituting a custom or habit that was allegedly followed. Instead, plaintiffs rely on conclusory allegations in an attempt to manufacture liability against the City defendants.  The City defendants' Motion to Dismiss as to the third cause of action for Municipal Liability – Ratification should therefore be granted.

## V.

### PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED WITH RESPECT TO THEIR FOURTH CAUSE OF ACTION FOR FAILURE TO TRAIN

In their fourth cause of action, at paragraph 57, plaintiffs state in conclusory fashion that "the training policy of the Entity Defendants was not adequate to train their law enforcement officers to handle the usual and

37271

8

recurring situations with which they must deal."  However, the Supreme

Court has held that "the inadequacy of police training may serve as the

basis for Section 1983 liability only where the failure to train amounts to

deliberate indifference to the rights of persons with whom the police come

into contact."  <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 388 (1989).

Plaintiffs must therefore allege that a particular municipal policy or

custom was the "moving force of [the] constitutional violation" and harm

suffered.  <u>Monell</u>, <u>supra</u> at p. 694.  Inadequate training that manifests a

deliberate indifference on the part of the municipality must be shown to

have actually caused the constitutional deprivation.  <u>City of Canton</u>, <u>supra</u>

at p. 391.

A policy is "a deliberate choice to follow a course of action … made

from among various alternatives by the official or officials responsible for

establishing final policy with respect to the subject matter in question."

<u>Fairley v. Luman</u>, 281 F.3d 913, 918 (9th Cir. 2002).  However, "[o]nly

where a municipality's failure to train its employees in a relevant respect

evidences a 'deliberate indifference' to the rights of its inhabitants can such

a shortcoming be properly thought of as a city 'policy or custom' that is

actionable under § 1983."  <u>City of Canton</u>, supra at p. 389.

/ / /

37271                                           9

In this matter, plaintiffs allege "deliberate indifference" at paragraph 58 of the complaint, but do not allege that a particular municipal policy or custom was the moving force of any constitutional violation.  Plaintiffs' fourth cause of action for failure to train is therefore void of any required factual allegations supporting a claim of failure to train.  The Motion to Dismiss should therefore also be granted as to plaintiffs' fourth cause of action.

## VI.

### PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED WITH RESPECT TO THEIR FIFTH CAUSE OF ACTION FOR MUNICIPAL LIABILITY – UNCONSTUTIONAL CUSTOM OR POLICY

As discussed above, a municipality can not be held liable for a Section 1983 claim unless the constitutional violation resulted from "official municipal policy."  Monell, supra at p. 691.  "Actions of an official constitute an official municipal policy only when a deliberate choice to follow a course of action is made from among various alternatives by the official responsible for establishing final policy with regard to the subject matter in question."  Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986).

Ordinarily, the offending policy is created through express adoption or the existence of a long-standing practice or custom.  Gillette v. Delmore, (9th Cir. 1992) 979 F.2d 1342, 1346.  A single deprivation ordinarily is

37271                                                  10

insufficient to establish a long-standing practice or custom.  <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996).  ("Liability for improper custom may not be predicated on isolated or sporadic incidents; must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.")

In this case, plaintiffs do not specifically allege the existence of an expressly adopted policy or long-standing practice or custom upon which to base a §1983 claim against the City defendants.  Rather, plaintiffs simply allege generalizations and boilerplate language at paragraph 68 of the complaint, which is wholly inadequate to state a Section 1983 claim against the City defendants.  Accordingly, plaintiffs' fifth cause of action for Municipal Liability – Unconstitutional Custom of Policy under 42 USC §1983 fails to state a claim against the City defendants and should be dismissed.

VII.

<b><u>PLAINTIFFS HAVE FAILED TO STATE A CLAIM<br>FOR WHICH RELIEF MAY BE GRANTED WITH RESPECT<br>TO THEIR SIXTH CAUSE OF ACTION FOR BATTERY</u></b>

In their sixth cause of action, plaintiffs attempt to state a claim for battery.  As with the entire complaint, neither claim identifies a particular defendant or identifies which particular defendant allegedly did what.

37271

11

With respect to battery, police officers are not similarly situated to the ordinary battery defendant and need not be treated the same.  In a battery action against a peace officer, the plaintiff must allege and "prove unreasonable force as an element of the tort."  <u>Edson v. City of Anaheim</u> (1998) 63 Cal.App.4th 1269, 1272.

"A police officer in California may use reasonable force to make an arrest, prevent escape or overcome resistance, and need not desist in the face of resistance."  <u>Edson</u>, <u>supra</u> at p. 1272-1273 (citing Cal. Penal Code Section 835(a).  A "prima facie battery is not established unless and until plaintiff proves unreasonable force was used."  <u>Id</u>. at p. 1273.  Peace officers "act under color of law to protect the public interest.  They are charged with acting affirmatively and using force as part of their duties, because 'the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'"  <u>Id</u>.

Here, plaintiffs' complaint leaves the City defendants to guess which defendant did what to support the claim of battery.  The complaint's conclusory allegations of excessive force fail to raise inferences that an agent of the City defendants, as opposed to some other entity defendant, actually used unreasonable force to make an arrest, prevent escape,

37271

overcome resistance or desist in the face of no resistance.  As such, the

conclusory nature of the battery claim warrants its dismissal.

**VIII.**

**<u>PLAINTIFFS HAVE FAILED TO STATE A CLAIM</u>**
**<u>FOR WHICH RELIEF MAY BE GRANTED WITH RESPECT</u>**
**<u>TO THEIR SEVENTH CAUSE OF ACTION FOR NEGLIGENCE</u>**

In California, the Tort Claims Act provides that a public entity is not

liable for its own conduct or omission to the same extent as a private

person or entity.  <u>Zelig v. County of Los Angeles</u> (2002) 27 Cal.4th 1112,

1128.  Specifically, Government Code Section 815(a) provides that a

"public entity is not liable for an injury, whether such injury arises out of an

act or omission of the public entity or a public employee or any other

person, [e]xcept as otherwise provided by statute."

It is true that certain statutes provide for public entity liability in limited

circumstances.  However, the Tort Claims Act's intent "is not to expand the

rights of plaintiffs in suits against governmental entities, but to confine

potential governmental liability to rigidly delineated circumstances."  <u>Brown</u>

<u>v. Poway Unified School District</u> (1993) 4 Cal.4th 820, 829.

"[D]irect tort liability of public entities must be based on a specific

statute declaring them to be liable, or at least creating some specific duty of

care, and not on the general tort provisions of [California] Civil Code

37271

13

section 1714." <u>Eastburn v. Regional Fire Protection Authority</u> (2003) 31

Cal.4[th] 1175, 1183.  "In the absence of a constitutional requirement, public

entities may be held liable only if a statute (not including a charter

provision, ordinance or regulation) is found declaring them to be liable. . . .

[T]he practical effect of this section is to eliminate any common law

governmental liability for damages arising out of torts."  <u>Thompson v. City</u>

<u>of Lake Elsinore</u> (1993) 18 Cal.App.4[th] 49, 62.

 "[B]ecause under the Tort Claims Act all governmental tort liability is

based on statute, the general rule that statutory causes of action must be

pleaded with particularity is applicable."  <u>Lopez v. So. Cal. Rapid Transit</u>

<u>District</u> (1985) 40 Cal.3d 780, 795.  Thus, "to state a cause of action

against a public entity, every fact material to the existence of its statutory

liability must be pleaded with particularity."  <u>Peter W. v. San Francisco</u>

<u>Unified School District</u> (1976) 60 Cal.App.3d 814, 819.  Moreover, "the

plaintiff must plead facts sufficient to show his cause of action lies outside

the breadth of any applicable statutory immunity."  <u>Keyes v. Santa Clara</u>

<u>Valley Water District</u> (1982) 128 Cal.App.3d 882, 885.

 Plaintiffs attempt to create vicarious liability where none is alleged.

Plaintiffs have not made any specific allegations in the complaint to support

vicarious liability and the complaint pleads no separate statutory basis to

37271

impose negligence liability on the City defendants.  As plaintiffs seek to impose liability on the City defendants beyond that permitted by the Tort Claims Act, the City defendants' Motion to Dismiss the negligence cause of action should be granted.

## IX.

## PLAINTIFFS HAVE FAILED TO STATE A
## CLAIM FOR DAMAGES AS SUCCESSORS IN INTEREST

Plaintiffs have sued in their individual capacities.  While plaintiffs also allege at paragraph 85 of the complaint that their claim is also brought "as successors in interest", the City defendants have not seen a formal appointment.

As successors in interest, however, assuming a formal appointment exists, plaintiffs may only recover damages that survived decedent's death. In this regard, California Code of Civil Procedure Section 377.34 provides:

> In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.

This statute limits recoverable damages for a successor in interest to economic damages incurred prior to death.  A review of the complaint reveals that plaintiffs are making no such claim.

/ / /

37271

15

At best, plaintiffs pray for certain damages at page 18 of the complaint.  However, nowhere in the complaint do plaintiffs allege economic damages incurred by decedent before his death.  As such, plaintiffs claim for damages as successors in interest should be dismissed.

## X.

## CONCLUSION

Based on the foregoing, the City defendants respectfully request that their Motion to Dismiss be granted, without leave to amend.


DATED:  May 11, 2015                    GIBBS & FUERST


                                        BY:   *s/Michael T. Gibbs*
                                              MICHAEL T. GIBBS
                                              STEVEN A. TISI
                                              Attorneys for Defendants CITY OF
                                              BRAWLEY, CITY OF EL CENTRO
                                              and CITY OF IMPERIAL,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS [F.R.C.P. §12(b)(6)]