**GIBBS & FUERST** LLP

600 B STREET, SUITE 2300
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 702-3505
FACSIMILE (619) 702-1547

Michael T. Gibbs, Bar No. 076519
Mgibbs@gibbsandfuerst.com
Steven A. Tisi, Bar No. 169006
Stisi@gibbsandfuerst.com

Attorneys for Defendants CITY OF BRAWLEY, CITY OF EL CENTRO and CITY OF IMPERIAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIE AYALA, individually and as successor in interest to Decedent Mark Anthony Ayala; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF IMPERIAL , DBA AS IMPERIAL COUNTY NARCOTICS TASK FORCE, IMPERIAL COUNTY DISTRICT ATTORNEY'S OFFICE and IMPERIAL COUNTY SHERIFF'S OFFICE; et al.,<br><br>Defendants. | No. 15cv397 LAB (PCL)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS [F.R.C.P. §12(b)(6)]**<br><br>**DATE:** June 15, 2015<br>**TIME:** 11:15 a.m.<br>**DEPT.:** 14A<br><br>**NO ORAL ARGUMENT REQUESTED**<br><br>**Hon. Larry Alan Burns** |

37342                                                          1
REPLY TO OPPOSITION TO MOTION TO DISMISS [F.R.C.P. §12(b)(6)]

Defendants CITY OF BRAWLEY, CITY OF EL CENTRO and CITY OF IMPERIAL (hereinafter "City defendants") submit the following Memorandum of Points and Authorities in Support of their Reply to the Opposition to Motion to Dismiss [F.R.C.P. §12(b)(6)] filed by plaintiffs VIRGIE AYALA, individually and as successor in interest to Decedent Mark Anthony Ayala, SANDRA BARRAZA, individually and as successor in interest to Decedent Mark Anthony Ayala, ANTHONY AYALA, a minor by Sandra Barraza, his guardian, individually and as successor in interest to Decedent Mark Anthony Ayala, ANNMAREE AYALA, a minor by Sandra Barraza, his guardian, individually and as successor in interest to Decedent Mark Anthony Ayala and NACALLI AYALA, a minor by Sandra Barraza, his guardian, individually and as successor in interest to Decedent Mark Anthony Ayala (hereinafter "plaintiffs"):

**I.**

**PLAINTIFFS' OPPOSITION DOES NOT ESTABLISH HOW OR WHY THE CITY DEFENDANTS SHOULD BE VICARIOUSLY LIABLE FOR ALLEGED SUBSTANTIVE DUE PROCESS VIOLATIONS BY CITY EMPLOYEES**

Plaintiffs appear to confuse their second cause of action for violation of substantive due process rights with their third through fifth causes of action for municipal liability based on theories of ratification, failure to train and unconstitutional custom and policy, respectively. As argued in the motion to dismiss, however, public entities such as the City defendants are not liable under

///

42 USC section 1983 for the constitutional violations of its employees. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978).

Vicarious liability may not be imposed on a supervisor for the acts of lower officials in a section 1983 action. <u>Lemire v. California Department of Corrections and Rehabilitation</u>, 726 F.3d 1062, 1074-1075 (9th Cir. 2013). A supervisor may only be held liable under section 1983 upon a showing of either "(1) his or her personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011).

Plaintiffs cite to a series of paragraphs in the complaint regarding alleged ratification, failure to train and unconstitutional custom and policy. However, plaintiffs cite to no legal authority for the proposition that the City defendants may be held vicariously liable for the alleged substantive due process violations of its employees. The factual allegations, as argued more fully below, are vague, conclusory, and boilerplate and fall far short of raising a plausible inference of liability.

Viewed in the light most favorable to plaintiffs, the complaint does not adequately allege liability against the City defendants for substantive due process violations. The motion to dismiss as to the second cause of action for alleged violation of substantive due process rights should therefore be granted, without leave to amend.

///

37342      2
REPLY TO OPPOSITION TO MOTION TO DISMISS [F.R.C.P. §12(b)(6)]

## II.

## **PLAINTIFFS' OPPOSITION FAILS TO SHOW HOW THE ALLEGATIONS OF THE COMPLAINT SUPPORT A RATIFICATION THEORY**

The Supreme Court was clear in Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009), that under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Detailed factual allegations are not required, but a pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Iqbal, supra at p. 667.

Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.  Id. at p. 667.  As explained in Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." (citation omitted).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  (citation omitted).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (citation omitted).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" (citation omitted.)

Id.

To show ratification, a plaintiff must establish "authorized policymakers approved a subordinate's decision and the basis for it."  Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir. 1999), quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988).  Municipal liability on the basis of ratification has been found when the officials involved adopted and expressly approved of the acts of others who

caused the constitutional violation.  <u>Trevino v. Gates</u>, 99 F.3d 911, 920 (9th Cir. 1996).

Here, plaintiffs allege at paragraph 49 of the complaint that a final policymaker "knew of and specifically approved of (or will specifically approve of) the Individual Defendants' acts".  However, plaintiffs lump all City defendants together and do not identify the policymaker who supposedly approved of the acts and do not state when or how the policymaker allegedly learned of or approved of the acts.

Plaintiffs also allege in the complaint at paragraph 50 that a policymaker "has determined (or will determine) that the acts of the Individual Defendants were within policy".  Again, however, plaintiffs lump all City defendants together and do not identify the policymaker or state when or how the policymaker allegedly determined the acts of the unnamed individual defendants to be within policy.  The same detail is lacking as to any allegations of participation or conspiracy contained in paragraph 37 of the complaint.

Plaintiffs' opposition fails to detail facts sufficient to support a theory of ratification.  Plaintiffs admit in the complaint that the amorphous conduct allegedly constituting ratification may not have occurred at this time.

All that plaintiffs have shown through their opposition is that the allegations of the complaint regarding ratification are conclusions and a formulaic recitation of the elements of a claim for ratification.  The City defendants' motion to dismiss

///

as to the third cause of action for Municipal Liability – Ratification should therefore be granted, without leave to amend.

### III.

### PLAINTIFFS' OPPOSITION FAILS TO SHOW HOW THE ALLEGATIONS OF THE COMPLAINT SUPPORT A FAILURE TO TRAIN THEORY

Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell. Oklahoma City v. Tuttle, 471 U.S. 808, 823- 824 (1985). A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. Tuttle, supra at p. 822-823 ("[A] 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell").

The allegations in the complaint regarding the City defendants are mere conclusory statements and a simple formulaic recitation of the elements of a cause of action for alleged failure to train. See Iqbal, supra at p. 667. Although plaintiffs allege deliberate indifference, they base this allegation on one isolated event and fail to show a "persistent and widespread" policy. See Monell, supra at p. 691.

Plaintiffs' allegation of inadequate training is devoid of any factual support whatsoever. There are no factual allegations in the complaint demonstrating an established policy of "failure to train", and the motion to dismiss should be granted as to the fourth cause of action, without leave to amend.

///

## IV.

## **PLAINTIFFS' OPPOSITION FAILS TO SHOW HOW THE ALLEGATIONS OF THE COMPLAINT SUPPORT MUNICIPAL LIABILITY FOR UNCONSTUTIONAL CUSTOM OR POLICY**

The <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469 decision clearly states at p. 483 that municipal liability under section 1983 attaches only where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question".  <u>Pembaur</u>, <u>supra</u> at p. 483.  The law is also clear, as discussed above and more fully in the motion to dismiss, that isolated instances are insufficient to establish custom or policy. <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996).

Here, plaintiffs acknowledge that the complaint contains conclusory allegations regarding unconstitutional policies.  The complaint contains no allegations of even one incident of such behavior toward anyone other than decedent.  Further, the complaint lumps the three City defendants together, with no specific allegations of misconduct against any particular defendant.  The City defendants cannot determine which alleged policies might even be at issue.

Plaintiffs' allegations of unconstitutional custom and policy are devoid of any factual support whatsoever, making it difficult, if not impossible, to defend against such a claim.  There are no facts in the complaint demonstrating that any defendant adopted or followed unconstitutional customs or policies.  The motion

to dismiss should be granted as to the fifth cause of action, without leave to amend.

## V.

## **PLAINTIFFS' OPPOSITION MAKES CLEAR THAT THE CAUSE OF ACTION FOR BATTERY IS VAGUE AND CONCLUSORY**

Plaintiffs' sixth cause of action for battery is based on the alleged use of excessive force. That is not the problem with the battery cause of action. The problem with the battery cause of action is that plaintiffs fail to identify with any specificity which of the defendants did what. Instead, plaintiffs refer back to the factual allegations of the complaint as a whole, presenting a conclusion that constitutes merely the elements of a cause of action for battery.

Such "formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

Further, Plaintiffs have apparently conceded that they have not been properly appointed as decedent's successor in interest. The claim for battery is a survival action that can only be brought by the decedent's personal representative or successor in interest. The City defendants' motion to dismiss the sixth cause of action should therefore be granted, without leave to amend.

///

# VI.

## **PLAINTIFFS' COMPLAINT DOES NOT ALLEGE A CALIFORNIA STATUTE UNDER WHICH THE CITY DEFENDANTS CAN BE HELD LIABLE UNDER CALIFORNIA LAW**

Plaintiffs allege negligence against the City defendants.  However, as argued in the motion to dismiss, a public entity in California "is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  California Government Code Section 815.

Government Code section 815.2 does provide that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."  However, for a municipality to be liable under California law, the statute claimed to establish a duty giving rise to the cause of action must be identified.  Searcy v. Hemet Unified School District (1986) 177 Cal. App. 3d 792, 802.

Plaintiffs argue that the City defendants are municipal entities liable for the acts and omissions of its employees, but "apart from [Government Code section 815.2]", plaintiffs fail to identify a statute otherwise providing for municipal liability for their negligence claim.  Plaintiffs' reliance on section 1983 as supporting their negligence claim is misplaced as section 1983 is not itself a source of substantive rights but merely vindicates rights conferred elsewhere.  Albright v. Oliver, 510 U.S. 266, 271 (1994).

37342  8
REPLY TO OPPOSITION TO MOTION TO DISMISS [F.R.C.P. §12(b)(6)]

Municipal liability under a respondeat superior theory is statutory in California and plaintiffs have failed to identify a negligence statute under which the City defendants may be held liable as Government Code section 815 requires.  See also Searcy, supra at p. 802.  Thus, plaintiffs' seventh cause of action does not state a claim upon which relief can be granted and the motion to dismiss should be granted, without leave to amend.

## VII.

### PLAINTIFFS DO NOT OPPOSE THE CITY DEFENDANTS' ARGUMENTS THAT PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR DAMAGES AS SUCCESSORS IN INTEREST

As set forth in the motion to dismiss, plaintiffs allege at paragraph 85 of the complaint that their claim is also brought "as successors in interest".  However, plaintiffs do not argue in their opposition that they have been appointed as successors in interest and appear to concede this point.  Therefore, pursuant to Code of Civil Procedure Section 377.34, plaintiffs may only recover damages that survived decedent's death.  Plaintiffs' claim for damages as successors in interest, and the corresponding causes of action, should be dismissed.

///

///

///

///

///

///

# VIII.

# CONCLUSION

Based on the foregoing, the City defendants respectfully request that their motion to dismiss be granted, without leave to amend.

DATED:   June 8, 2015                    GIBBS & FUERST, LLP


                                         BY:   *s/Michael T. Gibbs*
                                                MICHAEL T. GIBBS
                                                STEVEN A. TISI
                                                Attorneys for Defendants
                                                CITY OF BRAWLEY, CITY OF EL
                                                CENTRO and CITY OF IMPERIAL