John P. McCormick, Esq. (SBN 38064)
Konrad M. Rasmussen, Esq. (SBN 157030)
Nicole V. Barvie, Esq. (SBN 282352)
Katherine E. Orletsky, Esq. (SBN 299857)
McCORMICK, MITCHELL & RASMUSSEN
8885 Rio San Diego Drive, Suite 227
San Diego, CA 92108
Tel: (619) 235-8444
Fax: (619) 294-8447

Attorneys for Defendant COUNTY OF IMPERIAL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIE AYALA, et al., | Case No.: 15cv818-LAB PCL |
| Plaintiff, | **REPLY TO PLAINTIFF VIRGIE AYALA'S ET. AL. OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| COUNTY OF IMPERIAL, dba as IMPERIAL NARCOTICS TASK FORCE, IMPERIAL COUNTY DISTRICT ATTORNEY'S OFFICE, and IMPERIAL COUNTY SHERIFF'S DEPARTMENT; THE CITY OF EL CENTRO; THE CITY OF BRAWLEY; THE CITY OF IMPERIAL; THE CITY OF CALEXICO; THE UNITED STATES DRUG ENFORCEMENT AGENCY; THE UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT and Does 1 through 30, | [FRCP 12(b)(6)] |
| | DATE: June 15, 2015 |
| | TIME: 11:15 a.m. |
| | CTRM: 14A |
| | Hon. Larry A. Burns |
| | NO ORAL ARGUMENT REQUESTED |
| Defendants. | |

DEFENDANT COUNTY OF IMPERIAL ("COUNTY") respectfully submits it Reply to Virgie Ayala's, et.al., opposition to its motion to dismiss.

The opposition misconstrues the County's motion. It ignores the Complaint's specific allegations against purported County employees, which constitute judicial admissions that preclude any liability of the County under 42 U.S.C. §1983. The only individuals which the Complaint identifies as being associated with the County

are DOES 11 – 15.  Only their alleged conduct - not the conduct of DOES 1-10 or any others - is relevant for purposes of any potential 42 U.S.C. §1983 liability of the County.  The County is not "cherry picking" in its motion by focusing on only relevant allegations.

Contrary to the claim in the Opposition, there is no nuanced determination to be made regarding the actions of the County's employees, because the Complaint judicially admits they were agents of the State of California, acting within the course and their agency in all aspects of their conduct which are alleged to give rise to liability.  Defendants are entitled to treat plaintiffs' allegations in their Complaint as a judicial admission. *San Diego Gas & Elec. Co. v. Mitsubishi Heavy Industries, Ltd.*  2014 WL 1245842, 1 (S.D.Cal.,2014); citing *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds,* 133 S.Ct. 1184 (U.S.,2013) (citing *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988)).

Because the plaintiffs admit the County employees are state actors acting within the course and scope of their agency, the 11th Amendment shields them from liability under 42 U.S.C. §1983 and, thus, the County is not liable.  *Cortez v. County of Los Angeles* (9th. Cir. 2010) 294 F.3d 1186 is instructive.  *Cortez* holds that whether a particular plaintiff can maintain a §1983 claim against a County depends upon whether its employee was a state or county actor because "a state and its officiasl sued in their official capacity are not considered 'persons' within the meaning of §1983, due to sovereign immunity afforded states by the 11th Amendment."  *Cortez v. County of Los Angeles* (9th. Cir. 2010) 294 F.3d 1186 at 1188, citing *Will v. Michigan Dept. of State Police* 491 U.S. 58, at 70 - 71 (1989). Here, plaintiffs judicially admit the only purported County employees – DOES 11 – 15 – were state actors.  Therefore, as a matter of law, the County cannot be held liable under 42 U.S.C. §1983.

Plaintiffs' assertion they can avoid the bar of the 11th Amendment on a theory the County is being sued for its own acts and omissions, is unavailing. There is no question that under the Complaint's allegations, the County and its alleged employees are State actors. Because no constitutional claim can be asserted against any County employee, plaintiffs are barred from pursuing any *Monell* action against the County. However, it should be noted the proffered theories of 1) granting and implying permission to the individuals to do the acts which constituted the deprivation, 2) failing to oversee hiring, training, conduct and employment of employees, 3) attempting to serve an arrest warrant on the decedent and 4) shocking the conscious are not cognizable theories of direct liability under *Monell*. Thus, the Opposition does not demonstrate how the third, fourth or fifth causes of action are properly alleged against the County regardless of the bar of the 11th Amendment. Nonetheless, under *Los Angeles v. Heller* 475 US 796, 799 (1986), the County cannot be sued under 42 U.S.C. §1983 because no constitutional claim against any of its employees is stated.

Respectfully submitted,

McCORMICK, MITCHELL & RASMUSSEN

/s/ Konrad M. Rasmussen

Dated: June 8, 2015   _____
John P. McCormick
Konrad M. Rasmussen
Nicole Barvie
Katherine E. Orletsky
Attorneys for Defendant County of Imperial