
# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIE AYALA, et al.,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>COUNTY OF IMPERIAL, et al.,<br><br>　　　　　Defendants. | CASE NO. 15cv397-LAB (NLS)<br><br>**ORDER GRANTING MOTIONS TO DISMISS; AND**<br><br>**ORDER TO SHOW CAUSE RE: FAILURE TO SERVE** |

The claims in this case arise form the fatal shooting of a suspect, Mark Anthony Ayala. The complaint identifies 42 U.S.C. § 1983 as the basis for all claims. (Compl., ¶ 1.) Plaintiffs are the mother, widow, and children, respectively, of Ayala, and they are represented by counsel. This case is related to case 15cv818, *Lerma-Mayoral v. City of El Centro*, which arises from the same incident. The named Defendants are all entities, including municipalities; municipal organizations; and three federal agencies, the U.S. Drug Enforcement Agency, Border Patrol, and Immigration and Customs Enforcement. The Complaint also names 30 Doe Defendants, who were individual law enforcement officers (*see* Compl., ¶¶ 7, 10–12), but other than identifying their respective employers, the Complaint does not describe them or distinguish among them.

The City of Imperial filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, and also joined in a motion to dismiss brought by the City of Brawley, and the City of El Centro. No other Defendant has appeared.

**Allegations**

According to the Complaint, the fatal shooting occurred on January 31, 2014 in El Centro, California, while officers were executing a misdemeanor warrant on Ayala. (Compl. ¶¶ 10–12, 24, 32.) The individual Doe Defendants are alleged to have shot Ayala when he was unarmed. (Compl., ¶¶ 10–12, 25.) The Complaint further alleges that Ayala did not have with him anything that resembled a weapon, and concludes that he did not present a threat to the Defendants. Nevertheless, for reasons the Complaint does not provide, and under circumstances the Complaint does not allege, Defendants shot him 37 times, killing him. They allegedly continued to shoot even after he was dead. (*Id*., ¶ 37.) Then, the Complaint says, when Ayala was already dead, they handcuffed his body. Later, the Complaint alleges, they attempted to coerce a witness into signing a false declaration that the night before, Ayala had brandished a weapon at an El Centro police officer. (*Id*., ¶¶ 27–31, 37.) The Complaint does not provide much detail on what happened, why, or how.

The complaint raises claims for violation of Ayala's constitutional rights, and also survivors' claims for wrongful death. The entities are alleged, in very general terms, to have failed to train their officers adequately, to have ratified their officers' unlawful killing of Ayala, and also to have maintained policies that led to Ayala's death. Besides the § 1983 claims against the individual Doe Defendants and the claims against municipal entities under *Monell v. Dept. of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978), the Complaint brings tort claims against all Defendants.

**Discussion**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Fed. R. Civ. P. 8(a)(2), only "a short and plain statement of the claim showing that the pleader is entitled to relief," is required, in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555. "[S]ome

threshold of plausibility must be crossed at the outset" before a case is permitted to proceed. *Id*. at 558 (citation omitted). The well-pleaded facts must do more than permit the Court to infer "the mere possibility of conduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars–Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). But the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted).

The Court must also confirm its own jurisdiction, *sua sponte* if necessary. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).

**Discussion**

The County of Imperial's motion (Docket no. 6) correctly points out that the Complaint falls short of the pleading standard set forth in *Twombly* and *Iqbal* and their progeny. Its factual allegations are sparse, and it relies heavily on legal conclusions. The Complaint never describes the incident that led to Ayala's death. While it raises the *possibility* that the officers did something wrong, the facts pled do not *plausibly* show what they did and why they are liable. Some fatal shootings of suspects violate constitutional rights, while others do not. *See, e.g., Jensen v. Burnsides*, 356 Fed. Appx. 928 (9th Cir. 2009) (holding that officer's fatal shooting of a suspect was objectively reasonable, and therefore did not violate constitutional rights); *Lewis v. County of Riverside*, 260 Fed. Appx. 8 (9th Cir. 2007) (affirming defense verdict in favor of officer who fatally shot a suspect); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir.1997) (holding that officers' killing of an armed suspect violated his constitutional rights). The inquiry is fact-intensive. *George v. Morris*, 736 F.3d 829, 837–38

(9th Cir. 2013). On the basis of the sparse facts alleged, it is impossible to even guess which one this is. The Complaint also fails to plead adequate facts to support any state law claims.

Plaintiffs take pains to allege that Ayala was shot 37 times, that his lifeless body was then handcuffed, and that officers tried to get a witness to say Ayala had brandished a weapon the night before. But these facts, if true, do not establish a constitutional violation. The real question is whether police were justified in firing shots at Ayala while he was living. Ayala's brandishing a weapon the previous day would not justify shooting him. And shooting or handcuffing his lifeless body, even if offensive, does not amount to a constitutional violation. *See Cole v. Oravec*, 2014 WL 2918314, at *7–*8 (D. Mont., June 26, 2014) (citing *Guyton v. Phillips*, 606 f.2d 248 (9th Cir. 1979)) ("The Ninth Circuit in *Guyton* clearly concluded that the Civil Rights Act does not provide a cause of action to a decedent for alleged violation of the decedent's civil rights that occurred after the decedent's death.") And attempting to cover up the details of Ayala's killing, if that is what Defendants did, would not violate his constitutional rights. *See generally id.* The Complaint identifies no state law creating a cause of action for any of these acts or omissions.

The Complaint also pleads no facts to show what the governmental agencies did or failed to do that would result in *Monell* liability in this case; all allegations are bare conclusions. In addition, because the Complaint never says what the officers did, it is impossible to know how the government entities' training and policies might have led to any constitutional violations. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (municipal liability depends on the finding of a constitutional violation by individual officers).

The County of Imperial's motion also correctly points out that the claims as pled are too broad. As a municipality, the County can only be liable under a *Monell* theory; it cannot be vicariously liable for its officers' or employees' wrongdoing under § 1983. In addition, individuals acting in their official capacities cannot be liable under § 1983, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and the Complaint does not specify in what capacity the individual Defendants are sued.

/ / /

The second motion to dismiss (Docket no. 7) raises essentially the same arguments but is more comprehensive. Significantly, it also points out that Plaintiffs have not shown they are successors-in-interest to Ayala. This is relevant to their claims for violations of Ayala's rights, and for torts against Ayala, rather than to their own wrongful death claims as survivors. Bearing in mind their relationship to him, one or more of them are *probably* his successors-in-interest. *See Estate of Cornejo* ex rel. *Solis v. City of Los Angeles*, 618 Fed. Appx. 917, 919 (9th Cir. 2015). But because their status as successors-in-interest affects their standing to sue and is thus jurisdictional*, see id.*, they are required to show affirmatively that they are the proper Plaintiffs as to claims brought for violations of Ayala's rights. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

Plaintiffs' opposition makes clear they believe they have pled facts and have easily met the pleading standard. But it is equally clear that nearly all these "facts" are actually threadbare conclusions that fall far short of the Fed. R. Civ. P. 8 standard as explained by the Supreme Court in *Twombly* and *Iqbal*. Although the opposition mentions *Twombly and Iqbal*, it relies on much earlier cases that cite standards *Twombly* and *Iqbal* rejected. Plaintiffs cite *District Council 47, AFSCME v. Bradley*, 795 F.2d 310, 314 (3d Cir. 1986) for the principle that a complaint meets the pleading standard so long as "the defendant is able to frame an answer thereto," (Opp'n (Docket no. 10) at 1:12–13), and as long as it has alleged sufficient facts to preclude a determination that the complaint is frivolous. (*Id*., at 1:15–18.) To illustrate their understanding of what this means, they explain:

> Plaintiffs herein have plainly established that this case is <u>anything</u> but frivolous: Unknown (at this time) employees and officers of Defendants . . . shot Plaintiffs' decedent (Mr. Mark Ayala) in excess of <u>37 times</u> and <u>killed him</u>.

(*Id*., 1:19–23.) They go on to explain what "facts" they believe have been pled to show the governmental entities' liability:

> Plaintiffs allege the following conduct by the Cities: (1) that the Cities granted actual and implied permission to the Individual Defendants to shoot decedent Mark Ayala in excess of 37 times and thus killing him . . . ; (2) that the Cities breached their legal duty to oversee and supervise the hiring, conduct, and employment of the Individual Defendants . . . ; (3) that the Cities failed to intervene in the misconduct that consisted of, inter alia, shooting decedent in

> excess of 37 times and thus killing him, and handcuffing decedent after he was dead . . . Plaintiffs have further alleged that the Defendant Cities' actions shock the conscience and were done with deliberate indifference, and with a purpose to harm unrelated to any legitimate law enforcement objective . . . .

(*Id*., 2:11–23.) These are exactly the kind of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that *Twombly* makes clear does *not* suffice. See *Twombly*, 550 U.S. at 555.

Plaintiffs' opposition briefs appear to misconstrue Defendants as arguing that the individual officers must be identified by name. Plaintiffs' opposition argues that, without discovery, they cannot identify the individual Doe Defendants. But this is not what Defendants are arguing. It is common for plaintiffs to be unaware of defendants' full names, and to learn them only after an opportunity for discovery. See, e.g., *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Of course these Defendants cannot be served with process until their identities are known. But the real problem here is that the Complaint does not adequately allege what the individual Defendants did that would render them liable, and that is what Defendants have correctly pointed out.

Although the issue was not squarely presented, Plaintiffs should remember that fact discovery is available only after they have adequately pled their claims. See *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (citing *Iqbal* at 678–79) ("The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it.") The next step for them is to plead their claims adequately. If they fail to do this, the case is subject to dismissal without an opportunity for discovery.

The complaint in the related case, 15cv818, *Lerma-Mayoral v. City of El Centro*, is far more detailed. But Plaintiffs cannot rely on the pleadings in a separate case to satisfy Rule 8's requirements; they must plead their own claims in their own Complaint.

**Jurisdiction**

The Complaint names three federal agencies as Defendants. While the Complaint alleges exhaustion of California Tort Claims Act remedies, it says nothing about exhaustion

of Federal Tort Claims Act remedies. Nor does it attempt to plead a claim under *Bivens* or any federal statute under which officers of the United States could be liable.

The United States, federal agencies, and federal employees acting within their official capacity enjoy sovereign immunity. *Bramwell v. U.S. Bureau of Prisons,* 348 F.3d 804, 806 (9th Cir. 2003); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). In the absence of a waiver of sovereign immunity, the Court has no jurisdiction to hear claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

The Court's jurisdiction over Plaintiffs' supplemental state claims depends on the existence of a federal cause of action. Here, the state claims are subject to dismissal both because they are inadequately pled, and for lack of jurisdiction. Because the Complaint does not adequately plead even one federal cause of action, the state claims must also be dismissed. In short, the Court's jurisdiction over claims against the federal Defendants, and over the state law causes of actions is doubtful.

**Failure to Serve**

Neither the City of Calexico nor the federal Defendants have answered or appeared, and Plaintiffs have taken no steps to prosecute any claims they may have against these Defendants. It is not even clear whether they have been served with process. At the time this action was filed, Fed. R. Civ. P. 4(m) required a plaintiff to effect service within 120 days. Since then, the time has been shortened to 90 days. But whichever deadline applies, it appears Plaintiffs may not have complied with it. Assuming these Defendants have not yet been served, the claims against them are subject to dismissal, unless Plaintiffs show good cause for the failure. *See* Rule 4(m).

**Conclusion and Order**

Plaintiffs are **ORDERED TO SHOW CAUSE** why the City of Calexico and the federal Defendants should not be dismissed for failure to timely serve them with process. *See* Fed. R. Civ. P. 4(m). Plaintiffs may do so by either filing proofs of service showing that all these Defendants have already been served with process, or by filing a memorandum of points and authorities not to exceed five pages, showing good cause for the failure to serve. Either

way, they must show cause by **March 22, 2016**. Alternatively, they may dismiss all claims against these Defendants. Failure to show cause within the time permitted will result in dismissal of claims against these Defendants.

Because the Complaint fails to plead any causes of action, it is **DISMISSED WITHOUT PREJUDICE**. No later than **April 11, 2016**, Plaintiffs must file an amended complaint correcting all the defects this order has identified. **If they fail to amend successfully within the time permitted, they should not assume they will be given additional opportunities to amend.**

In particular, Plaintiffs must explain what happened during the incident in question, and why the individual Defendants are liable. They must also allege facts, not mere conclusions, to support the *Monell* claims. And they must show that the Court has jurisdiction over all claims. If claims against the federal Defendants are included, this means explaining why these Defendants are not immune.

**IT IS SO ORDERED**.

DATED: March 8, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge