# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIE AYALA, et al.,<br><br>         Plaintiffs,<br>     vs.<br><br>COUNTY OF IMPERIAL, et al.,<br><br>         Defendants. | CASE NO. 15cv397-LAB (PCL)<br><br>**ORDER DENYING LEAVE TO TAKE LIMITED DISCOVERY; AND**<br><br>**ORDER DISMISSING DOE DEFENDANTS** |

On March 1, Plaintiffs submitted three noncompliant documents for filing. Two of those documents, a second amended complaint and an affidavit, were rejected for filing. The *ex parte* motion for leave to take early discovery ("Motion") only partly complies with the Court's order of February 3, 2017 (Docket no. 27), which ordered Plaintiffs to show cause why the Doe Defendants should not be dismissed for failure to serve, as provided by Fed. R. Civ. P. 4(m).

Plaintiffs were directed to file a memorandum of points and authorities addressing failure to serve. (Feb. 3 Order at 15:6–8.) Instead of doing that, on the deadline they submitted three documents, none of which mention service of process. Plaintiffs' motion to take early discovery mentions only a need to identify the Doe Defendants so that Plaintiffs can comply with pleading requirements. (Motion at 2:11–13; 3:1–3.) The Court, however,

liberally construes[1] the motion as seeking discovery to identify the Doe Defendants so they could be served, and also as an attempt to show cause why the Doe Defendants should not be dismissed.

**Discovery to Identify Doe Defendants for Service**

The February 3 order cited two cases, *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) and *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), for the proposition that early discovery is *sometimes* available to allow a plaintiff to identify and serve a defendant. The Motion, however, does not attempt to show compliance with the standards these cases identify. *See id.* at 578 (holding that limited early discovery can be allowed only in cases where plaintiffs have "in good faith exhausted traditional avenues for identifying a civil defendant pre-service"). Among other things, the party seeking early discovery should "identify all previous steps taken to locate the elusive defendant[s]." *Id.* at 579. The Court's February 3 order pointed out that Plaintiffs' counsel had not mentioned any informal investigation. (*See* Docket no. 27 at 15:3–5.)

The Motion makes clear Plaintiffs' counsel were not diligent in seeking to identify the Doe Defendants. Other than the motion itself, the only efforts they made were "informal requests to obtain the information from, inter alia, the City of El Centro and Imperial County." ((Affidavit of Bennett Goodman in Support of Motion, ¶ 6.) This falls far short of a good faith effort to exhaust traditional avenues of identifying law enforcement officers. One glaring omission is their failure to take advantage of the pendency of a related case, 15cv818-LAB (PCL), *Lerma-Mayoral v. City of El Centro*, which is now in the discovery phase. Lerma-Mayoral, the plaintiff in that case, was the driver of a taxicab in which Mark Anthony Ayala was riding when he was shot. The complaint in this case alleges some of the Doe Defendants took Lerma-Mayoral into custody after the shooting, talked with him, and

---

[1] Plaintiffs are represented by two attorneys, so their failure to comply with procedural requirements is not excusable to the same degree as *pro se* litigants' would be. But this is in part a civil rights case, so the Court construes pleadings liberally. *See Vogel v. Oceanside Unified Sch. Dist.*, 2014 WL 4101235, at *1 (S.D. Cal., Aug. 18, 2014) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)) (liberally construing the civil rights complaint of a plaintiff represented by counsel).

attempted to coerce him into signing a false statement that would exonerate them. (FAC, ¶¶ 29–31.) So he very likely knows who they are, or at least has some information about them. Plaintiffs' counsel in this case could have asked Lerma-Mayoral's counsel for information, or for permission to talk with Lerma-Mayoral.

Plaintiff's counsel could also have attempted to use FOIA or California Public Records Act requests to identify the Doe Defendants, or at least to narrow down their search. *See* C. Wright & A. Miller, 8 Fed. Prac. & Proc. Civ. 4th § 2005 n. 18 and accompanying text (FOIA requests may be used for litigation-related purposes); *Pasadena Police Officers Assoc. v. Superior Ct.*, 240 Cal. App. 4th 268, 288–89 (Cal. App. 2 Dist. 2015) (police report concerning shooting of unarmed teenager was a public record, subject to disclosure under California's Public Records Act, although certain portions were exempt from disclosure).

It is also relevant that Plaintiffs' counsel delayed seeking limited discovery until the last possible moment — literally, the day the claims in the case were due to be dismissed. Long, unexcused delays in attempting to serve are relevant to the Rule 4(m) "good cause" analysis. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Plaintiff's counsel attests, under penalty of perjury, that he did not begin looking for ways to identify the Doe Defendants until after motions to dismiss were filed, though the Motion is vague as to which motions to dismiss prompted the inquiry. (*Id.*, ¶ 2.) Plaintiffs' counsel says he failed to learn about *Gillespie* or any other case dealing with limited early discovery until he read the Court's February 3 order. (*Id.*, ¶¶ 3–5.) Counsel's failure to find published Ninth Circuit authority does not support a finding of good cause under Fed. R. Civ. P. 4(m), however.

The Court is aware that it has broad — though not unlimited — discretion to extend the deadline for service. *See Efaw*, 473 F.3d at 1041. But here there is no reason to grant an extension. There is no reason to believe most of the Does know they are being sued, or that they have attempted to avoid service. *See id.* Some of them are unidentified federal agencies that are clearly immune. And Plaintiffs' counsel have known about Rule 4's service requirements since the start of this action *See id.* (the fact that plaintiff was represented by counsel weighed against extending the time for service).

**Discovery to Enable Plaintiffs to Plead More Facts**

The Motion takes the early discovery principle one step further and argues that limited discovery should be available in order to allow them to find facts to plead their claim. But the discovery Plaintiffs seek extends beyond finding out who the Doe Defendants are; they propose to identify and join as Defendants new government agencies (Motion at 2:25–28) and, presumably, information that would allow them to plead claims against those agencies as well. Such broad discovery is not available until Plaintiffs have pled a claim. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)) ("The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it.")

Furthermore, a lack of discovery did not lead to dismissal of the complaint, and limited early discovery would not help. All versions of the complaint filed or submitted so far have fallen so far short of federal pleading standards that, if discovery were the issue, only very broad and sweeping discovery would remedy it. Until Plaintiffs can plead a claim, that kind of discovery is unavailable.

**Conclusion and Order**

The Court finds no good cause to extend the time to serve the Doe Defendants under Fed. R. Civ. P. 4(m), and no reason to exercise its discretion to extend the time. Plaintiffs have failed to show cause as ordered why the Doe Defendants should not be dismissed for failure to serve. All claims against the Doe Defendants are therefore **DISMISSED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**, for failure to serve them with process.

There is also no reason to permit early discovery to allow Plaintiffs to find evidence to plead their claims. The Motion is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: March 6, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge