1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10
11    VIRGIE AYALA, et al.,                          CASE NO. 15cv397-LAB (PCL)
12                            Plaintiffs,          **ORDER OF DISMISSAL**
13          vs.
      COUNTY OF IMPERIAL, et al.,
14
                              Defendants.
15

16          On February 3, the Court dismissed the first amended complaint and directed

17    Plaintiffs, if they thought they could amend, to file an *ex parte* motion for leave to do so,

18    attaching their proposed second amended complaint as an exhibit.  They were also ordered

19    to show cause why the Doe Defendants should not be dismissed for failure to serve.  Both

20    were to have been done by March 1, 2017.

21          On the deadline, Plaintiffs attempted to circumvent the Court's order by filing a grossly

22    noncompliant[1] second amended complaint that was not attached to a motion.  They also

23    _____

24          [1]  The second amended complaint violated the Court's legibility requirements in
      numerous ways. S*ee* Civil Local Rule 5.1. Even though Plaintiffs' counsel had been warned
25    multiple times about compliance with the Court's electronic filing requirement and cautioned
      that future noncompliant filings would be rejected, they persisted in disobeying that rule.  *See*
26    Civil Local Rule 5.4.  It also violated Fed. R. Civ. P. 15 in that Plaintiffs attempted to file it
      without leave, and it violated Court's February 3 order requiring that it be attached as an
27    exhibit to an *ex parte* motion.  *See also* Civil Local Rule 15.1(b) (requirements for motions
      for leave to amend).  Each of these violations by itself would have justified rejection of the
28    filings. Considered together and in light of Plaintiffs' counsel's persistent violations in the face
      of warnings, they cannot be construed as mere excusable neglect.

submitted a motion for leave to take early discovery, and an unsigned affidavit.  But because of a delay in forwarding those documents to chambers on a discrepancy order, *see* Civil Local Rule 5.1(f), the fact that no filings appeared in the docket led the Court to believe none had been filed.  The Court therefore dismissed the case and entered judgment.

When the documents were forwarded to chambers, the Court issued an order correcting various problems and specifically ordering Plaintiffs' counsel to comply with certain requirements. (*See* Order of March 7, 2017 (Docket no. 37).)  Specifically, the Court initially accepted the three documents for filing, but then struck the unsigned affidavit and the noncompliant second amended complaint. It vacated the earlier dismissal and entry of judgment, and ordered Plaintiffs' counsel to file their motion for leave to amend by March 15, 2017 at the very latest. It also ordered them to comply with local electronic filing requirements and cautioned them that any further violations of those requirements would result in rejection of the submitted documents and sanctions.

By a separate order issued that same day, the Court denied the request for early discovery and dismissed claims against the Doe Defendants for failure to serve. (*See* Docket no. 38.)  After that dismissal, the only Defendant left in this case is the County of Imperial, which is alleged to be doing business as the Imperial County Sheriff's Office, the Imperial County District Attorney's Office, and the Imperial County Narcotics Task Force.[2]

The Court *ordered* Plaintiffs to file an *ex parte* motion for leave to amend. (Docket no. 37 at 2:15–16.)  They were ordered to do this no later than March 15, 2017, and were specifically cautioned that if they did not obey the Court's order, the action would be dismissed without leave to amend:

/ / /

/ / /

/ / /

---

[2] The Court does not accept as true the conclusory allegation that the task force is an arm of the county rather than a separate entity. (*See* Docket no. 27 at 11:24–13.)  But the District Attorney's and Sheriff's offices have been treated as part of the county, and have never been served.

> Plaintiffs **must** file this motion by **March 15, 2017** at the very latest; **if they do not, or if their motion or proposed second amended complaint does not comply with this order, this action will be dismissed without leave to amend.**

(Docket no. 37 at 2:19–21) (emphasis in original).

March 15 has passed, however, and Plaintiffs have not obeyed the Court's order in spite of warnings. Because Plaintiffs were given leave to amend their complaint to state a claim against the County (*see* Docket no. 27 at 13:26–27, 14:2–4) and have failed to do so, the Court infers that they cannot do so successfully. The Court concludes that further leave to amend (even if they had asked for it) would be futile, and that leave to amend should be denied for that reason. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

The holding in *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.1992) is instructive here. The panel pointed out why dismissal was appropriate there:

> The court granted Ferdik two opportunities to amend his complaint (each time expressly warning him that failure to timely amend would result in dismissal); gave him the guidance necessary for him to submit a properly amended first complaint; and even went as far as vacating the dismissal it had entered after appellant failed to timely file his second amended complaint in the first instance. Moreover, in striking his second amended complaint as deficient, the magistrate's order set out the language of Rule 10(a), clearly explained the reason the complaint was being stricken . . ., and gave Ferdik an additional thirty days in which to refile a conforming complaint. Finally, that same order reiterated that Ferdik's failure to comply with the order would result in dismissal.

963 F.2d at 1261 (footnotes omitted). Here, Plaintiffs were treated comparably even though as represented parties they not entitled to the same leeway as the plaintiff in *Ferdik*, who was proceeding *pro se*. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir.1986).

If the case were not already subject to dismissal on the merits, it could just as easily be dismissed for disobedience to the Court's orders, and for failure to prosecute. *See* Civil Local Rules 16.1(b) and 83.1; Fed. R. Civ. P. 41(b).

/ / /

/ / /

1    The complaint, and this action as a whole, are **DISMISSED WITHOUT**

2  **LEAVE TO AMEND**.

3

4    **IT IS SO ORDERED**.

5  DATED:  March 16, 2017

6

7  **HONORABLE LARRY ALAN BURNS**
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28