# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIE AYALA, et al., | CASE NO. 15cv397-LAB (NLS) |
| Plaintiffs, | **ORDER OF DISMISSAL** |
| vs. | |
| COUNTY OF IMPERIAL, et al., | |
| Defendants. | |

The claims in this case arose from the fatal shooting in 2014 of Mark Anthony Ayala by agents of the Imperial County Narcotics Task Force. Plaintiffs, Ayala's heirs and family members, are represented by counsel. A related case, *Lerma-Mayoral v. City of El Centro*, 15cv818-LAB (PCL), deals with claims by the driver of the taxi in which Ayala was riding when he was shot. That case is in discovery.

In this case, the only remaining Defendant is the County of Imperial. Judgment has already been entered in favor of the other Defendants. (*See* Docket no. 44.) The only surviving claim is based on allegations that the County was responsible for the Task Force's violations under a *Monell* theory. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). All other claims have been either abandoned or dismissed.

The Task Force consists of officers from various government entities, including the County, and is itself a federal entity. So far, Plaintiffs have been unable to allege any facts that would suggest the County is responsible for the Task Force's customs or policies. To

the contrary, everything Plaintiffs have submitted suggests that either the federal government or the entity itself is responsible for its customs and policies. There is no reason to believe Plaintiffs can successfully amend to salvage their remaining claim. By noon on May 2, Plaintiffs' counsel were to have filed an *ex parte* motion for leave to file a second amended complaint. (*See* Docket no. 49.) But they have allowed that deadline to pass and have filed nothing. This action is therefore subject to dismissal both for failure to prosecute and on the merits.

Plaintiffs are represented by two attorneys, who have missed deadlines and repeatedly disobeyed local rules and the Court's orders. Among the most frustrating of counsel's many lapses has been their repeated failure to register for electronic filing and to file documents electronically, as is required of all attorneys practicing before this Court. They have ignored numerous warnings about their violations. (*See* Docket nos. 2, 11, 19, 21, 23, 32, 34, 36, 45, 46 (warning Plaintiffs' counsel of Civil Local Rule 5.4 violations, and cautioning them regarding the consequences).) Their failure to file documents electronically has caused chaos in the docket, resulting in the vacatur of two previous dismissals. Plaintiffs' counsel were warned that if this action were dismissed a third time, the third dismissal would not be vacated. (Docket no. 42 at 9:9–11.)

In an effort to impose order, the Court on March 8 required both Plaintiffs' attorneys to register for electronic filing, and each was ordered to confirm that the other had registered as required. (*See* Docket no. 37 at 3:8–15.) Nevertheless, attorney Goodman continued to try to submit paper copies of documents. These included a motion for leave to amend that was essentially a rehash of the one he filed on March 16, which had been denied on the merits.

On April 28, the Court specifically ordered Plaintiffs' counsel to electronically file their motion for leave to amend by noon on Tuesday, May 2, 2017, and said that no more extensions would be granted. (Docket no. 49.) This was the latest in a string of stern warnings to Plaintiffs' counsel. (*See also* Docket nos. 37, 38, 42, 49 (orders pointing out Plaintiffs' counsel's violation of rules and orders, and giving increasingly serious cautions).)

May 2 has come and gone, and Plaintiffs have filed nothing.

The Court therefore deems Plaintiffs' remaining claim abandoned. The Court recognizes that dismissal is a sanction of last resort. Nevertheless, in light of Plaintiffs' counsel's refusal or inability to move forward with the case in spite of numerous warnings, dismissal is the only reasonable option. *See Thompson v. Housing Auth.*, 782 F.2d 829, 831–32 (9th Cir. 1986) (per curiam).

As explained in detail in the Court's March 21 order, Defendants have already been unfairly surprised and burdened several times by Plaintiffs' counsel's disobedience of the Court's orders and the local rules. (Docket no. 42 at 7:19–9:11.) If the case is permitted to linger on the docket, the County is very likely to continue to suffer such unfair prejudice. Plaintiffs' counsel have also wasted judicial resources, created needless emergencies, usurped control of the docket, and improperly sought special indulgences from the Court. (*Id.*) Plaintiffs' counsel were specifically warned that lesser attempts to impose order had been unsuccessful, and that if they continued their disobedience, dismissal appeared to be the only remaining option. (*Id.* at 9:6–10.)

Although the Court is mindful of the public policy favoring disposition of the cases on the merits, *see Thompson* at 831 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423–24), Plaintiffs have escaped dismissal twice already on the basis of that policy, and the case is no closer to resolution. Lesser methods of persuasion have proved to be in vain. At some point, trying to resolve a case on the merits becomes impractical, and the Court finds that in this case that time has come. Without finality, Defendants will be unfairly prejudiced and the public interest will not be served. *See Ellis v. Dyson*, 421 U.S. 426, 440 n.6 (1975) (noting the "powerful public interest in finality of litigation"); Fed. R. Civ. P. 1 (the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Considering the factors set forth in *Thompson*, 782 F.2d at 831, the Court finds that dismissal is appropriate.

/ / /

Finally, it does not appear that dismissing Plaintiffs' claim based on their attorneys' neglect of the case is unfair. The chance of their showing that the County is responsible for the Task Force's policies is remote. Without that, they cannot prevail. In all likelihood, Plaintiffs' counsel have recognized that their clients have no claim, and they have chosen not to amend because they realize they cannot do so successfully.

This action is **DISMISSED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**, for failure to prosecute, and for disobedience to the rules and to the Court's orders. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss for failure to prosecute or to comply with applicable rules or the court's orders). Finally, even if the case were not being dismissed for those reasons, the Court finds it would be subject to dismissal on the merits, because Plaintiffs have never successfully stated a claim even after being given multiple opportunities to do so.

**IT IS SO ORDERED**.

DATED: May 4, 2017

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge